```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RON BENVENISTI,                              :
                                             :
                        Plaintiff,           :
                                             :           OPINION AND ORDER
           - against -                       :
                                             :           04 Civ. 3166 (JGK) (RLE)
CITY OF NEW YORK, et al.,                    :
                                             :
                        Defendants.          :
------------------------------------------------------------X
```

**RONALD L. ELLIS, United States Magistrate Judge:**

Plaintiff Ron Benvenisti brings this action under 42 U.S.C. § 1983 alleging wrongful termination and retaliation. The complaint was filed in state court, and removed to this Court on April 16, 2004. The matter was referred to the undersigned for general pretrial matters on December 8, 2004. A summary judgment motion was filed by defendants on November 1, 2005. On November 28, 2005, Leed, Morelli & Brown, P.C. ("counsel"), the firm representing Benvenisti, filed an application to withdraw as counsel. Counsel seeks a work-product lien, and an order directing Benvenisti to pay the expenses incurred in this litigation. On December 7, 2005, the Court stayed the briefing on the summary judgment motion pending the resolution of this application. For the reasons which follow, counsel's application is **GRANTED** in part, and **DENIED** in part.

### I. DISCUSSION

Pursuant to Local Civil Rule 1.4, an attorney "may not withdraw from a case without leave of the court granted by order." Such an order may be granted "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawl or displacement and the posture of the case, including its position, if any, on the calendar." **Id**. Counsel's application to withdraw is also governed by New York law. *See* **Cook v. Moran Atlantic Towing Corp.**, 79 F.R.D. 392,

394 (S.D.N.Y. 1978). Counsel seeks to withdraw because Benvenisti has allegedly failed to pay attorney's fees and expenses. According to the Model Code of Professional Responsibility Disciplinary Rule 2-110, which governs withdrawal of counsel, "a lawyer may not request permission to withdraw . . . unless . . . his client . . . [d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." Rule 2-110(B)(1)(f). Failure to pay fees and expenses does not alone constitute good cause for withdrawal. *See* **People v. Woods**, 457 N.Y.S.2d 173 (Suffolk County, 1st Dist.1982). The Court has reviewed *in camera* the submission by counsel, and finds that counsel has failed to demonstrate sufficient circumstances to justify a good cause determination.

Notwithstanding the lack of good and sufficient cause to withdraw, the Court may grant counsel's application to withdraw. *See* **Marrero v. Christiano**, 575 F. Supp. 837 (S.D.N.Y. 1983). Counsel indicates that it is no longer interested in litigating this case. Although Benvenisti opposes the application to withdraw it is clear that the attorney-client relationship has broken down, and that the attorney and client lack a certain amount of trust in each other. Under these conditions a termination of the relationship would be in the best interest of both. The resolution of the summary judgment motion pending before the Court, however, would be delayed by Benvenisti's efforts to obtain new counsel or his continued participation in this case as a *pro se* litigant. The Court finds that a determination on the motion should not be delayed by counsel's withdrawal. To expedite the resolution of this case, counsel shall submit a response to defendant's summary judgment motion. After a responsive pleading is filed, the firm will be allowed to withdraw as counsel.

Withdrawing counsel also seeks a work-product lien. Under New York law, when a

client discharges an attorney without cause the attorney is entitled to fair and reasonable compensation for the services rendered on the client's behalf. *See* **In the Matter of Max Cohen v. Grainger, Tesoriero & Bell**, 81 N.Y.2d 655, 658 (1993). "[A]ttorneys who terminate their representation for just cause continue to be entitled to enforce their liens." **Klein v. Eubank**, 87 N.Y.2d 459 (1996). Counsel here, however, has voluntarily withdrawn, and has not been discharged. The withdrawal is also without good and sufficient cause. Therefore, counsel's request for a work-product lien has no merit, **Woods**, 457 N.Y.S.2d at 174-5, and is hereby **DENIED**.

Counsel seeks an order instructing Benvenisti to pay expenses incurred in the litigation. Attorney's fees and expenses, however, do not relate to any claim pending before the Court. Counsel's proposed order is **DENIED**.

Benvenisti asks the Court to appoint an attorney to represent him. The Court cannot appoint an attorney in civil cases. Benvenisti is directed to the *Pro Se* Office for assistance in litigating this case.

## II. CONCLUSION

For the foregoing reasons, counsel's application to withdraw is **GRANTED** in part, and **DENIED** in part. Briefing may continue on the summary judgment motion pending before the Court, and counsel shall submit a response to defendant's summary judgment motion by a date set by Judge Koeltl.

SO ORDERED this 5th day of January 2006
New York, New York

The Honorable Ronald L. Ellis
United States Magistrate Judge