

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
RON BENVENISTI,

                Plaintiff,

    - against -

THE CITY OF NEW YORK and ELIZABETH GLAZER, individually and in her Official capacity,

                Defendants.

04 Civ. 3166 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    By letter dated June 22, 2007, the plaintiff seeks reconsideration of the Court's June 21, 2007 Order denying without prejudice the plaintiff's request to supplement the record on appeal in this case. The plaintiff makes his request pursuant to Rule 10(e)(2) of the Federal Rules of Appellate Procedure and, in the alternative, seeks to move pursuant to Rule 60 of the Federal Rules of Civil Procedure for relief from judgment.

    Rule 10(e)(2) provides that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . . by the district court." Under this rule, "the moving party must demonstrate that the evidence to be supplemented <u>was before the lower court in the course of its proceedings leading to the judgment under review</u> and was mistakenly omitted from the

1

record." Miro v. Plumbers & Pipefitters Nat'l Pension Fund, No. 01 Civ. 5196(HB), 2002 WL 31357702, at *1 (S.D.N.Y. Oct. 17, 2002) (emphasis added). "[I]t is well-settled that the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of proceedings leading to the judgment under review." Levin v. Gallery 63 Antiques Corp., No. 04 Civ. 1504(KMK), 2007 WL 1288641, at *4 (S.D.N.Y. Apr. 30, 2007) (quoting Miro, 2002 WL 31357702, at *2).

The plaintiff seeks to add certain documents to his record on appeal. The plaintiff asserts that these documents were omitted "due to error and/or accident." However, the plaintiff does not explain the basis for this conclusion. The judgment in this case was entered on September 28, 2006 (Doc. # 65) after the Court granted the defendants' motion for summary judgment (Doc. # 33). The plaintiff has made no showing that the documents he seeks to add to the record on appeal were ever before this Court during the course of the proceedings that ultimately led to the judgment from which he appeals (Doc. # 67).

The plaintiff's motion to supplement the record on appeal pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure is therefore **denied without prejudice** to the plaintiff bringing an amended motion, accompanied by a sworn affidavit,

2

that clearly articulates the plaintiff's basis for claiming that the documents at issue were a part of the summary judgment record before this Court and thus should be included in the record on appeal.

In the alternative, the plaintiff seeks relief pursuant to Rule 60 of the Federal Rules of Civil Procedure. The plaintiff, however, has failed to show any basis for relief under Rule 60.

The plaintiff has not alleged the existence of any clerical mistake under Rule 60(a), and to the extent the plaintiff believes there was such a mistake, any corrections can only be made with leave of the appellate court because the plaintiff's appeal is presently pending. See Fed. R. Civ. P. 60(a).

With respect to Rule 60(b), because the plaintiff's case is currently pending on appeal, the Court lacks jurisdiction to grant a Rule 60(b) motion. See Toliver v. Co. of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992); cf. Fed. R. App. P. 4(a)(4)(A)(vi). On the other hand, the Court may entertain and deny a motion pursuant to Rule 60(b) while the case is on appeal. Id.

The plaintiff does not articulate his theory for applying Rule 60(b) to allow these documents to be included in the record on appeal. Presumably, the plaintiff seeks reconsideration of the Court's grant of the defendants' motion for summary judgment in light of these documents. Most naturally, the plaintiff's request for Rule 60(b) relief here is based on "newly discovered

evidence" that could not have been discovered timely by "due diligence." See Fed. R. Civ. P. 60(b)(2). However, the plaintiff has made no showing that this evidence could not have been previously discovered by due diligence or that this evidence would have been material to the outcome of the motion for summary judgment. Because the Rule 60(b) allows for extraordinary judicial relief, it may be invoked only on a showing of exceptional circumstances. See Fowler v. New York Transit Auth., No. 96 Civ. 6796, 2001 WL 83228, at *18 (S.D.N.Y. Jan. 31, 2001). The plaintiff has thus far failed to demonstrate such exceptional circumstances. Therefore, the plaintiff's motion pursuant to Rule 60 is **denied**.

SO ORDERED.

Dated: New York, New York
       June 22, 2007

_____
John G. Koeltl
United States District Judge